# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| LOGAN MICHAEL GAYLORD, ) ) Petitioner, ) ) v. ) ) UNITED STATES OF AMERICA, ) ) Respondent. ) | Case No. 14-4092 |

## O R D E R

This matter is now before the Court on Petitioner, Logan Michael Gaylord's ("Gaylord"), Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. For the reasons set forth herein, his Motion [1] is DISMISSED for lack of jurisdiction.

### FACTUAL BACKGROUND

On August 11, 2011, Gaylord pled guilty to conspiracy to distribute a controlled substance with death resulting from use of said substance in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), distribution of a controlled substance with death resulting from use of said substance in violation of §§ 841(a)(1) and (b)(1)(C), possession of a firearm with an obliterated serial number in violation of 18 U.S.C. § 922k,  and  possession of a sawed-off shotgun in violation of 26 U.S.C. § 5861(d) in the United States District Court for the Central District of Illinois.  The plea agreement contained a waiver of his right to pursue a direct appeal and collateral attack pursuant to § 2255, as well as an agreement from the Government to recommend a three-point reduction in offense level and provide an opportunity to obtain a downward departure for substantial assistance.  He was sentenced to a statutory, mandatory minimum term of 240 months imprisonment on Counts I and II, 60 months' imprisonment on Count III, and 120 months' imprisonment on Count IV on December 9, 2011.  No direct appeal to the Seventh Circuit Court of Appeals was pursued.

On October 10, 2014, Gaylord filed a § 2255 motion claiming that his sentence was unlawfully enhanced based on new Supreme Court precedent in *Burrage v. United States*, 134 S.Ct. 881 (2014). This Order follows.

**DISCUSSION**

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S.Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), *citing Scott v. United States*, 997 F.2d 340 (7th Cir. 1993).

A § 2255 motion is not, however, a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir.), *cert. denied*, 116 S.Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996). Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

In this § 2255 Petition, Gaylord attacks the validity of his sentence and asks this Court to resentence him based on new case precedent that he contends narrows the scope of the crimes of

which he was convicted. Specifically, he argues that in the wake of *Burrage*, the failure to determine that his sale of oxycodone was a but-for cause of the death of Ryan Evins renders his plea unknowing and involuntary and prevents him from being guilty of the enhancement that applies to an offense of distributing a controlled substance that resulted in death.

Attacking the validity of the enhancement to his sentence is a non-constitutional claim that could have been raised on direct appeal but was not and is therefore waived. *Bontkowski v. United States*, 850 F.2d 306, 313 (7th Cir.1988), *citing Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969) ("non-constitutional errors which could have been raised on appeal but were not, are barred on collateral review-regardless of cause and prejudice.") The Court further notes that he relies on *Burrage*, which is a statutory interpretation case that does not apply retroactively to cases on collateral review, as the Supreme Court has not declared such retroactive application, and no other court has the authority to do so. *Ragland v. United States*, 756 F.3d 597, 602 (8th Cir. 2014); *see also, Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013) (holding that statutory interpretation cases like *Alleyne v. United States*, 133 S.Ct. 2151 (2013), are merely extensions of *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and do not apply retroactively);*United States v. Martin*, 564 Fed,Appx. 850, 851 (7th Cir. 2014). Accordingly, Gaylord's reliance on *Burrage* is futile.

Gaylord's motion is also untimely. There are statutory time limits which govern whether a district court can entertain a collateral attack on a federal sentence. The present case is covered by 28 U.S.C. § 2255, which states in relevant part:

> A 1 year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of —
>
> (1) the date on which the judgment of conviction becomes final;

> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the present case, Gaylord alleges that he is entitled to relief based on a newly recognized federal right made retroactively applicable to cases on collateral review. The Court has already determined that the cases upon which he relies are not retroactively applicable to his claims. Thus, this case does not involve the application of sub-sections (2), (3), or (4) above.

Gaylord's direct attack on his conviction became final in December 2011 when he did not pursue a direct appeal within 14 days after the entry of Judgment on December 13, 2011. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). However, he did not submit his § 2255 until October 2014, nearly two years after his period of limitations expired. In other words, the nearly three years that elapsed between the date his Judgment became final and the submission of his motion exceeds the statutorily prescribed 1-year period of limitations after which a federal court cannot entertain a motion under § 2255.

Gaylord would also appear to be barred from bringing this § 2255 motion by virtue of the fact that his plea agreement contains a waiver of his right to bring a collateral attack on his sentence. While Gaylord does assert that he should be resentenced, he makes no attempt to avoid the impact of this waiver by presenting any evidence indicating that but for his counsel's ineffective assistance,

he would not have entered into the plea agreement. So long as the plea agreement stands, the waiver of the right to appeal or pursue collateral relief must generally be enforced. *Id.*, *citing United States v. Wagner*, 103 F.3d 551 (7th Cir. 1996); *Jones v. United States*, 167 F.3d 1142, 1144 (7th Cir. 1999); *United States v. Nelson,* 124 F.3d 206, 1997 WL 374712, at *1 (7th Cir. July 1, 1997).

However, this circuit has recognized that the right to pursue a collateral attack pursuant to § 2255 survives "with respect to those discrete claims which relate directly to the negotiation of the waiver." *Jones*, 167 F.3d at 1144-45. Gaylord does not contend that he received ineffective assistance of counsel in connection with the negotiation of the waiver. As a result, his waiver provides yet another bar to his attempt to proceed under § 2255.

## CERTIFICATE OF APPEALABILITY

To obtain a certificate of appealability, a petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C § 2253(c)(2). The petitioner must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id.

Here, no reasonable jurist could conclude that Gaylord's claims were not either barred from consideration by a valid waiver in his plea agreement, fatally untimely under the well-established law of this Circuit, or futile. Accordingly, this Court will not issue him a certificate of appealability.

## CONCLUSION

For the reasons stated herein, the Government's Motion to Dismiss [6] is GRANTED, and Gaylord's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 [1] is DISMISSED WITHOUT PREJUDICE for lack of jurisdiction. This matter is now terminated.

ENTERED this 2nd day of February, 2015.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge